OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of the State of Ohio, filed July 18, 2005. On November 18, 2004, a Montgomery County Grand Jury indicted Appellee Eric Ross for one count of possession of crack cocaine. Ross pled not guilty, and he filed a Motion to Suppress. Following a hearing, the trial court overruled in part and sustained in part Ross' Motion.
 {¶ 2} The events giving rise to this matter occurred on November 11, 2004, when several Dayton Police officers executed a search warrant at 405 Bruce Avenue, Apt. 1. Ross, along with other defendants, was present at the apartment when the officers gained entry. Ross initially fled from the living room to the kitchen, followed by Detective David House. House observed Ross reaching into his left jacket pocket with his left hand, and he ordered Ross to show his hands. Detective James Mullins entered the kitchen, and, after House informed him of Ross' actions, Mullins frisked Ross, fearing that Ross may have been reaching for a weapon. In the course of the frisk, Mullins retrieved the cocaine.
 {¶ 1} The State's sole assignment of error is as follows:
 {¶ 2} "THE TRIAL COURT ERRED IN SUPPRESSING THE CRACK COCAIN FOUND IN ROSS'S POCKET DURING A PAT DOWN."
 {¶ 3} "When considering a motion to suppress, it is well settled that the trial court assumes the role of the trier of fact and is in the best position to resolve factual questions and evaluate the credibility of the witnesses." State v. Cooper,
Montgomery App. No. 20845, 2005-Ohio-5781 (internal citations omitted). "If the trial court's factual findings of fact are supported by competent, credible evidence, we must accept those findings." Id. "However, we conduct a de novo review to determine whether the trial court properly applied the facts to the appropriate legal standard." Id.
 {¶ 4} The trial court correctly noted the well established law that the "search for weapons approved in Terry consists solely of a limited patting of the outer clothing of the suspect for concealed objects which might be used as instruments of assault." Sibron v. New York (1968), 392 U.S. 40, 65. At the hearing on the Motion to Suppress, Mullins testified that he performed the frisk by "using my left hand and right hand at the same time and go (sic) down in the pockets on each side of the body." Mullins was asked if he "went directly into the pocket," and in reply, he answered, "That's correct."
 {¶ 5} It was the State's burden to establish that Mullins' frisk of Ross was limited to Ross' outer clothing. The trial court correctly determined that Mulllins' testimony belied the officer's compliance with Terry; Mullins admitted that he reached directly into Ross' pocket. Accordingly, the State's assignment of error is overruled, and the judgment of the trial court is affirmed.
Wolff, J. and Fain, J., concur.